ORIGINAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------X

Jeric Griffith,

                              Plaintiff,

          -against-

Police Detective John Doe 1, Police

Detective John Doe 2, the City of

New York and the NYPD in their individual

capacities and their official capacities as

supervisors,

                             defendants.

-----------------------------------------------X

Complaint
Pursuant to 42 U.S.C. 1983

CV 10 - 6066

COGAN, J.

JURY TRIAL DEMANDED

RECEIVED
DEC 28 2010
PRO SE OFFICE

**PARTIES**

1. Plaintiff, Jeric Griffith, resides at 160 Mill St. #1 in Poughkeepsie, Ny. 12601.

2. Defendant Pollice Detective John Doe 1, who is at all times relevant hereto was an employee of the NYPD during time of incident relevent to this complaint.

3. Defendant, Police Detective John Doe 2, who is at all time relevant hereto was an employee of the NYPD during time of incident relevant to this complaint.

4. Defendant the City of New York is at all times relevant hereto is a supervising entity of the above detective defendants.

5. Defendant, the NYPD is at all time relevant hereto is a supervising entity of the above detective defendants.

## JURISDICTION AND VENUE

6. The jurisdiction of the court is invoked pursuant to 28 U.S.C. section 1331 and 1343(3) and (4).
7. The matters in controversy arise under 42 U.S.C. section 1983.   8. All matters of this case took place in Brooklyn, NY which is located within the Eastern District of the state.

## STATEMENT OF FACTS

9. On December 27, 2007,  Defendants John Doe 1 and John Doe 2 arrested plaintiff as he walked down Scenectedy Ave in Brooklyn, NY.   Both officers who were black plain clothes detectives of the NYPD and who claimed to be Brooklyn North detectives stated that reason for arrest   was that plaintiff was seen by them walking down the street with an amount of cocaine visibly clutched in his hand.

10. Defendant detectives then placed plaintiff on the curb while handcuffed in order to have plaintiff transfered to the 78th precinct by other officers.

11. Plaintiff's charges were dismissed in Brooklyn Criminal Court, located at 120 Schemerhorn Street some time around August 2008.

12. Eventhough plaintiff's drug charges were dismissed, he was given a 18 month parole violation (post-release supervision) in relation to the arrest.

13. Plaintiff contends that he did not have any narcotics in his possession, that the officers never had probable cause to search or arrest, the criminal charges against him were dropped due to lack of evidence, and that the detectives used trumped up and false charges to arrest plaintiff.

## COUNTS

### ILLEGAL AND UNLAWFUL SEARCH, FALSE ARREST, UNLAWFUL IMPRISONMENT/ILLEGAL DETENTION

14. Defendant detectives made an unlawful search, false arrest and unlawful imprisonment of plaintiff when they searched and arrested plaintiff with no probable cause.   Plaintiff contends that this was done out of malice and disregard of plaintiff's constitutional rights where detectives made false claims and had no probable cause to arrest plaintiff.

15. Plaintiff contends that defendant detectives only trumped up his arrest to reach quota requirements which the NYPD have a practice of doing. This practice has never been denied by the NYPD and has in fact been promoted by the NYPD and the City of New York.

16. Plaintiff's 4th and 14th amendment due process rights were violated by detective defendants, the NYPD and the City of New York when he falsely searched and arrested. The NYPD and City of New York are responsible for the deprivation of plaintiff's rights where they are supervising and municiple entities who showed deliberate indifference while failing to train detectives to uphold civilian rights and for promoting the on-going practice of reaching quotas and illegal arrest and searches. Since the practice of reaching quotas and police misconduct is commonplace amongst NYPD detectives and officers, it is then clear that the NYPD and City of New York have failed to train its employees in conducting honest searches and arrest and have even promoted and encouraged the wrongdoing of its employees to make arrest. The NYPD and City of New York have an extreme number of lawsuits and claims of misconduct against its officers and other employees. These numerous lawsuits and claims show that it is a custom, practice, and policy of the NYPD and the City of New York to violate civilian rights while trying to maintain a certain quota and filling up its jails no matter the cost to the defendants and arrestees.

17. Plaintiff was held on a 18 month parole hold due to his false arrest. While plaintiff was not legally ristricted by NY State Division of Parole, he was made to serve time in prison because of the unlawful actions of defendant detectives and the NYPD's and the City of New York's failure to prevent them. Since plaintiff's parole hold was illegal and a nullity deemed by the federal courts, plaintiff's imprisonment amounted to slavery under the 13th amendment. All defendants either were a direct cause of plaintiff's slavery or a supervising entity or municipality which failed to train and/or supervise its employees to prevent such violations.

18. Plaintiff suffered greatly from his incarceration due to wrongs of the above defendants. Plaintiff has suffered emotional distress, mental anguish, defamation, incarceration and sleep deprivation which still affect him today.

WHEREFORE, Jeric Griffith prays for judgment in his favor and damages in his favor against all defendants in an amount sufficient to compensate him for the pain and mental anquish suffered by him due to the deliberate indifference and intenional misconduct of defendants, but in no event no less than $5,000,000 together with attorney fees and cost and such additional reliefs the Court may deem just and proper.

RESPECTFULLY SUBMITTED,