**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 1 0 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JERIC GRIFFITH,

                Plaintiff,

        -against-

DETECTIVE CHARLES STEWART,
SERGEANT ROBERT CABAN, CITY
OF NEW YORK, and THE NYPD,

              Defendants.

----------------------------------------------------------X

**REPORT &
RECOMMENDATION
10 CV 6066 (BMC)(LB)**

**BLOOM, United States Magistrate Judge:**

       This action was referred to me for pretrial supervision. Plaintiff filed this *pro se* action

alleging false arrest on December 28, 2010. Plaintiff has failed to comply with his discovery

obligations and the Court's orders. For the reasons stated below, it is respectfully recommended

that plaintiff's case should be dismissed under Fed. R. Civ. P. 37(b)(2)(A)(v).

## BACKGROUND

       After the Office of the Corporation Counsel identified the John Doe defendants, provided

their service addresses, and filed answers on their behalf, the Court scheduled two initial

conferences. Plaintiff failed to appear at the conferences and I recommended that this action be

dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v). After receiving the Report and

Recommendation, plaintiff filed a letter stating he did not receive notice of the conferences.

Although the Court questioned why plaintiff received the Report and Recommendation but not

the conference orders, all of which were sent to plaintiff at the same address, the Court withdrew

the Report and granted plaintiff a final opportunity to proceed. On the third try, the Court held

the initial conference on June 21, 2011. Defendants' counsel served plaintiff with initial discovery demands, see docket entry # 26 at 2, and the Court set the deadline for the parties to complete all discovery. See docket entry # 20.

After plaintiff missed the deadline for producing his responses to the initial discovery demands, he contacted defendants' counsel on August 15, 2011 to request another two weeks. On August 31, 2011, plaintiff stated that he needed an additional month to respond to defendants' demands. Due in large part to plaintiff's delay, defendants sought and were granted an extension of the discovery deadline on behalf of both sides. Docket entries # 23, 24. On October 11, 2011, plaintiff requested that the discovery deadline be extended to November 15, 2011. Docket entry # 27. Defendants filed a letter motion requesting that the Court dismiss the action under Fed. R. Civ. P. 41(b) and 37(a)(3)(A), or in the alternative, that plaintiff be ordered to produce his responses to the discovery demands, without any objections, by a date certain. Docket entry # 26. The Court denied defendants' request to dismiss the action but directed plaintiff to produce his responses by October 31, 2011. Docket entry # 28. The Court warned plaintiff that "this is final and no further extension shall be granted. If plaintiff fails to comply with this Court order, I shall recommend that his case should be dismissed under Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure." Id. The Court also denied plaintiff's request for an extension of the discovery deadline. Id.

On November 7, 2011, defendants' counsel wrote to the Court stating that they have not received any discovery responses from plaintiff and renewing their request that this case be dismissed under Fed. R. Civ. P. 41(b) and 37(b)(2)(A)(v).

2

## DISCUSSION

Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. See Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include ... dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). However, this is a "harsh remedy to be used only in extreme situations, and then only when a court finds 'wilfulness, bad faith, or any fault' by the non-compliance litigant." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009). In deciding whether to dismiss for failure to comply with a discovery order, the Court must consider "(1) the willfulness of the non-compliant party or the reason for noncompliance, (2) the efficacy of lesser sanctions, (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of consequences of ... noncompliance." Agiwal, 555 F.3d at 302.

Plaintiff repeatedly ignored each deadline for his discovery responses, asking for an extension only after the deadline had passed. He has given no reason for his noncompliance and there is no reason to believe that plaintiff will comply if the Court extends the deadline again. Plaintiff's repeated failure to comply with his discovery obligations and the Court order directing him to comply by a date certain is wilful. See Lichenstein v. Reassure American Life Ins. Co., No. 07-CV-1653, 2011 WL 809172 (E.D.N.Y. Mar. 1, 2011) (Irizarry, J.) (pro se litigants failure to response to discovery request was wilful where the Court informed of his obligation to comply and plaintiff repeatedly failed to do so); Banton v. C.O. Schuck, No. 07-CV-427A, 2010 WL 547403 (W.D.N.Y. Feb. 12, 2010) (Arcara, J.) (A pro se plaintiff's failure to comply with a

monetary sanction and failure to appear at a court conference evidenced wilful disobedience of court orders); Issa v. Gristedes Supermarkets, No. 05-CV-3654, 2005 WL 2605581, at * 2 (S.D.N.Y. Oct. 5, 2005) (Gorenstein, M.J.) (finding "no reason to believe [plaintiff] will comply in the future" with court orders to appear, given her failure to appear at two conferences and her statement that she was reluctant to pursue the case).

The Court clearly warned plaintiff of the consequences of his failure to respond to the discovery demands. See Docket entry # 28. I have already tried the lesser sanction of "allowing additional time .. and warning [plaintiff] of possible dismissal." Cross v. Village of Cooperstown, No. 04-CV-501, 2007 WL 3254269, at * 4 (N.D.N.Y. Nov. 2, 2007) (Scullin., J.) Since plaintiff is proceeding *pro se* and *in forma pauperis*, "this is not a case where monetary sanctions would be reasonable." Quiles v. Beth Israel Med. Ctr., 168 F.R.D. 15, 19 (S.D.N.Y. 1996). Although plaintiff's non-compliance has spanned only a few months, plaintiff missed four deadlines to respond to discovery requests and failed to abide by a Court order directing him to produce his responses. This failure to comply comes on the heels of plaintiff's failure to appear for two Court conferences. Enough is enough.

As no lesser sanction would spur plaintiff to comply, I recommend that the case should be dismissed pursuant to Fed. R. Civ. P.37(b)(2)(A)(v).[1]

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Fed. R. Civ.P. 37(b)(2)(A)(v).

---

[1]As the Court finds that dismissal is appropriate under Fed. R. Civ. P. 37(b)(2)(A)(v), I do not reach defendants' argument that dismissal is also proper under Fed. R. Civ. P. 41(b).

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

/Signed by Judge Lois Bloom/

LOIS BLOOM
United States Magistrate Judge

Dated: November 10, 2011
      Brooklyn, New York