**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 02 2012

BROOKLYN OFFICE

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x

JERIC GRIFFITH,

                Plaintiff,

      - against -

DETECTIVE CHARLES STEWART,
SERGEANT ROBERT CABAN, CITY
OF NEW YORK, and THE NYPD,

                Defendants.
----------------------------------------------------x

**MEMORANDUM**
**DECISION AND ORDER**

10-CV-6066 (BMC)(LB)

**COGAN**, District Judge.

       This case is before me on defendants' motion to dismiss for failure to prosecute. Plaintiff

Jeric Griffith, appearing *pro se*, brought this action on December 28, 2010. Since the inception

of this case, Griffith has repeatedly failed to attend Court conferences and has consistently

ignored Court-ordered discovery schedules. On seven separate occasions, this Court warned

Griffith that failure to cooperate with Court Orders would result in dismissal of this action:

- On April 28, 2011, after Griffith failed to attend the first scheduled conference in
  this case, Magistrate Judge Bloom issued an Order directing him to Show Cause
  why he had failed to attend the conference and warning that "if he fails to timely
  appear at [the next scheduled conference] the Court will dismiss this action."

- After Griffith failed to attend the next scheduled conference, and provided no
  explanation for his absence, Judge Bloom authored a Report and
  Recommendation ("R&R") on May 19, 2011, recommending that his case be
  dismissed under Fed. R. Civ. P. 37(b)(2)(A) for Griffith's failure to comply with
  Court Orders.

- On June 1, 2011, after Griffith objected to her R&R, Judge Bloom withdrew her recommendation and warned Griffith that if he failed to attend the next scheduled conference or failed to comply with any future Court Orders, she would "not hesitate" to dismiss the case.

- After Griffith failed to comply with discovery Orders, defendants moved to compel discovery or, in the alternative, dismiss the action for failure to prosecute under Fed. R. Civ. P. 41(b).  On October 17, 2011, Judge Bloom denied the motion to dismiss and granted the motion to compel, warning Griffith that "[t]his is final and no further extension shall be granted.  If plaintiff fails to comply with this Court order, I shall recommend that his case should be dismissed . . . ."

- After Griffith failed to comply with Judge Bloom's October 17th Order, she authored an R&R recommending that Griffith's complaint be dismissed as a sanction pursuant to Rule 37(b)(2)(A)(v).

- On December 5, 2011, I held that dismissal was not yet appropriate as a discovery sanction because it "remain[ed] possible that a lesser sanction may secure Griffith's cooperation."  I therefore imposed a $350 sanction on Griffith and warned that failure to pay the sanction would result in dismissal with prejudice.

- After Griffith paid his sanction, Judge Bloom issued a Scheduling Order on February 7, 2012, in which she Ordered Griffith to attend the next scheduled conference and stated that Griffith was "again warned that he must comply with all Court orders and his discovery obligations or his case will be dismissed."

Griffith failed to attend the next scheduled conference before Judge Bloom and failed to explain his absence. On February 16, 2012, defendants moved to have this action dismissed with prejudice pursuant to Rule 41(b). To this date, Griffith has not explained his absence from the conference or submitted an opposition to defendants' motion to dismiss.

When considering a motion to dismiss for failure to prosecute under Rule 41(b), the Court must weigh five factors: "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

Although the Court is mindful that dismissal under Rule 41(b) is "a harsh remedy and is appropriate only in extreme situations," Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), my consideration of the five relevant factors leads unambiguously to the conclusion that dismissal with prejudice is warranted here. Griffith's delinquent behavior has continued unabated for almost a year, and he has received no fewer than seven warnings that his case would be dismissed if he continued to flout the Court's Orders. In fact, Judge Bloom has authored two prior R&Rs recommending dismissal of this case. Furthermore, this Court is confident that lesser sanctions will not serve to correct Griffith's incorrigible behavior. Griffith was recently forced to pay a $350 sanction – a significant sum for a plaintiff who had qualified to proceed *in forma pauperis* – and yet he failed to attend the very next status conference scheduled in his

3

case.  Defendants should not be forced to continue showing up to Court conferences and abiding by this Court's discovery Orders when there is clearly no one on the other end of the line.

**CONCLUSION**

Defendants' motion is granted and this case is dismissed with prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       March 2, 2012